UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

NORTICIA JEANETTE COATES,
            Plaintiff,

            v.                          CIVIL ACTION NO. 12-11834-DPW

MICHIGAN DEPARTMENT OF HUMAN
SERVICES,
            Defendant.

                        MEMORANDUM AND ORDER
                          December 7, 2012

WOODLOCK, D.J.

I.    INTRODUCTION

    On October 2, 2012, Plaintiff Norticia Jeanette Coates ("Coates"), then residing at the Massachusetts New England Center for Homeless Veterans in Boston, Massachusetts,[1] filed a skeletal self-prepared Complaint against the Social Security Administration ("SSA").[2] Apart from identifying the parties to the action, Coates includes only one paragraph for relief, stating:

> Plaintiff requests the jurisdiction over thic [sic] case pursuant to 28 U.S.C. 1332. Reasons Non-Payment 6 month Default on Federal Court Demand Filed Date 03/23/2012 Defendant Caused Detrimental Harm Causing Plaintiff to Be

---

[1] Coates's pleading filed November 1, 2012 indicates an address in Randolph, Massachusetts; however, no Notice of Change of Address has been filed.

[2] The Complaint actually names the SSA located in Boston, Massachusetts as a party; however, the Clerk's Office opened this action noting Michael J. Astrue, the Commissioner of the SSA, as the Defendant. This action is one of seven civil actions filed by Coates on October 2, 2012.

Homeless. Compl. (Docket No. 1 at 1, ¶ 4). The civil cover sheet attached to the complaint states the cause of action is based, *inter alia*, on civil rights, social security claims, and recovery of defaulted student loans. There, Coates demands $39,000,000.00.

This action is a refiling of a case Coates filed on March 23, 2012 in the District of Arizona (Phoenix Division). *See Coates v. Michigan Department of Human Services*, Civil Action No. 2:12-cv-00596-MHB.[3] On April 20, 2012, Magistrate Judge Michelle H. Burns issued an Order (Docket No. 6) finding that the complaint failed to state a plausible claim under Rule 8 of the Federal Rules of Civil Procedure. Coates was directed to file an amended complaint. On May 1, 2012, she filed two amended complaints (Docket Nos. 8 and 9). On May 16, 2012, an Order (Docket No. 9) issued upon a finding that Coates again had failed to satisfy the Rule 8 pleading requirements. Magistrate Judge Burns found that amended complaint to consist of three, unintelligible paragraphs.

Thereafter, Coates filed two Motions for Reconsideration, both of which were denied. On September 4, 2012, she filed a Motion to Transfer, which was denied on September 9, 2012.

---

[3]The instant complaint indicates the docket number from the District of Arizona in the caption.

Following her relocation to Massachusetts, Coates filed the instant action.

Accompanying the Complaint, Coates filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 2), and a document entitled "Motion Subpoena Felony Complaint" (Docket No. 3) directed to Chief Judge Mark L. Wolf.  In that motion, she requests that warrants issue against the Michigan Department of Human Services for "non-payment on federal court demand that concludes final action and legal provisions ordered by the federal court district ARIZONA.  Assigned state federal judge Honorable JAMES A. TEILBORG."  Motion (Docket No. 3 at 1). Additionally, Coates alleges that the  Michigan Department of Human Services is in "felony negligence tort-criminal and civil violation reasons ignoring a federal court order failing to meet complaint within a specified time period."  *Id.* at 2.

In addition to the Motion Subpoena Felony Complaint, Coates filed a Notice of Default form (Docket No. 4) including a proposed Form of Default Judgment (in the amount of $39,000.000.00 plus 97% interest from March 20, 2012 to September 28, 2012).

Notably, Coates's complaint, the Motion Subpoena Felony Complaint, and the Notice of Default form are, in substance, virtually identical to other civil action filed by Coates as well

as those filed by her husband, David Lionel Fowler ("Fowler"). *See Coates v. Erickson*, Civil Action No. 12-11839-DPW; *Coates v. McCroskey,* Civil Action No. 12-11838-MLW; *Coates v. Curran*, Civil Action No. 12-11837-RWZ; *Coates v. Social Security Administration*, Civil Action No. 12-11836-DPW; *Coates v. Social Security Administration*, Civil Action No. 12-11832-GAO; *Coates v. JP Morgan Chase Bank, NA*, Civil Action No. 12-11831-RGS; *Fowler v. Berrien County Probate Court*, Civil Action No. 12-11828-RWZ; and *Fowler v. Social Security Administration*, Civil Action No. 12-11826-RGS.

On December 6, 2012, Coates filed a Motion for Monetary Relief (Docket No. 8), and an Application for a Warrant to Seize Property Subject to Forfeiture (Docket No. 9), along with a proposed arrest warrant and waiver of summons.

II. DISCUSSION

    A.    <u>The Motion for Leave to Proceed *In Forma Pauperis*;</u>

Upon review of Coates's financial disclosures indicating that she has no substantial assets or income, I find that she lacks funds to pay the filing fee for civil actions. Accordingly, Coates's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) will be <u>ALLOWED</u>.

    B.    <u>Preliminary Screening of the Complaint</u>

Because Coates is proceeding *in forma pauperis*, her

complaint is subject to screening under 28 U.S.C. § 1915(e)(2).[4] Further, in addition to the statutory screening requirements under § 1915, the Court has an independent obligation to inquire, *sua sponte,* into its subject matter jurisdiction.[5]  In connection with this preliminary screening, Coates's *pro se* pleadings are construed generously.  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Instituto de Educacion Universal Corp. v. U.S. Dept. of Education*, 209 F.3d 18, 23 (1st Cir. 2000).  Even under a broad reading, however, this action will be <u>DISMISSED</u> for the reasons set forth below.

   C.   <u>Failure to Comply With Fed. R. Civ. P. 8</u>

   As with the complaint filed in the District of Arizona, the instant complaint suffers the same defects; it fails to comport with the pleading requirements of Rule 8 of the Federal Rules of

---

[4]This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[5]*See McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004);  Fed. R. Civ. P. 12(h)(3) ("If the court determines ... it lacks subject matter jurisdiction, the court must dismiss the action.").  *See also In re Recticel Foam Corp.*, 859 F.2d 1000, 1002 (1st Cir. 1988) ("It is too elementary to warrant citation of authority that a court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting.").

Civil Procedure.  Rule 8(a) requires a plaintiff to include in the complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This statement must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Rivera v. Rhode Island*, 402 F.3d 27, 33 (1st Cir. 2005).  It must afford the defendant(s) a "[']meaningful opportunity to mount a defense,'" *Díaz-Rivera v. Rivera-Rodríguez*, 377 F.3d 119, 123 (1st Cir. 2004) (quoting *Rodríguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995)).  *See also Redondo-Borges v. U.S. Dept. of Housing and Urban Dev.*, 421 F.3d 1, 5 (1st Cir. 2005).  "In a civil rights action as in any other action ...., the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why."  *Educadores Puertorriqueños en Acción v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004).  Although "the requirements of Rule 8(a)(2) are minimal...[,] 'minimal requirements are not tantamount to nonexistent requirements.'"  *Id.* (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988)).

　　　Here, Coates's sparse amended complaint is unintelligible.  Although she demands payment from the Michigan Department of

Human Services, she fails to set forth the underlying factual basis for the demand in any meaningful fashion.[6]  It appears that she is asserting that she obtained a Court judgment; however, there is no information as to the nature of this judgment (*i.e.*, who issued the judgment, the date and place of issuance, the substance of the judgment, and the reasons for the judgment).  In other words, she fails to set forth the "who, what, where, when, and why" type of information necessary to state a claim upon which relief may be granted, and I cannot discern any cognizable claim against the defendant here.  Moreover, although Coates makes reference to allegedly false statements and the commission of felonies, she fails to set forth any cognizable claims in this regard.

In short, it would be unfair to the defendant to have to respond to the complaint as pled, and to expend public funds in the process.  In light of all of the above, this case is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Generally, I would permit a *pro se* litigant an opportunity to cure the pleading defects; however, given Coates's prior litigation in the District of Arizona, I deem such an opportunity

---

[6]In reviewing the history of Coates's litigation, while unclear, it appears that underlying this action is a claim contesting the placement of Coates's son in foster care or child protective custody after an arrest of Coates.

to be an exercise in futility.  Moreover, notwithstanding the pleading deficiencies under Rule 8, this case suffers from a fundamental legal impediment, discussed below.

    D.    <u>The Michigan Department of Human Services is Entitled to Sovereign Immunity Under the Eleventh Amendment</u>

Coates may not recover monetary damages against the Michigan Department of Human Services (a state agency) because it is entitled to sovereign immunity under the Eleventh Amendment, and there is no basis to find that a waiver of sovereign immunity exists in these circumstances.  *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir.1993).  "The State of Michigan has not has not consented to civil rights suits in federal court."  *Howell v. Muskegon Co. Courts*, 2012 WL 1952385, *1 (W.D. Mich. May 30, 2012)(citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)).  It is well-settled that the Michigan Department of Human Services is entitled to sovereign immunity.  *See Link v. Michigan*, 2012 WL 726883, *6 (W. D. Mich. Feb. 14, 2012) ("The Michigan Department of Human Services, formerly known as the Family Independence Agency, is a department of Michigan government."); *Kolley v. Adult Protective Services*, 786 F. Supp. 2d 1277, 1308 (E.D. Mich. 2011) ("This sovereign immunity extends to 'state instrumentalities,' like the Michigan Department of Human

Services."); *Toliver v. Lutheran Social Services*, 2008 WL 126628, *1 (E.D. Mich. 2008) ("... the Michigan Department of Human Services is dismissed from this lawsuit as it is immune from suit under the Eleventh Amendment."); *Kyle v. Sims*, 2006 WL 1738045, *1 (E. D. Mich. 2006)("Plaintiff's § 1983 claims against the Family Independence Agency, Michigan's Department of Human Services, and the State's Adult Protection Services agency are construed as claims against the State of Michigan itself, they are thus barred by the Eleventh Amendment to the United States Constitution....").

In light of this, I will <u>DISMISS</u> this action *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

E.   <u>The Motion Subpoena Felony Complaint</u>

To the extent that Coates seeks criminal proceedings to be instituted against the Michigan Department of Human Services or any of its employees, officials, or any other individual based on the alleged constitutional violations, I find her requests to be unfounded.  A private citizen, such as Coates, lacks a judicially cognizable interest in the federal prosecution or non-prosecution of another.  *See, e.g., Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *accord Nieves-Ramos v. Gonzalez*, 737 F. Supp. 727,

728 (D. P.R. 1990) (same).[7]

Accordingly, Coates's Motion Subpoena Felony Complaint (Docket No. 3) will be <u>DENIED</u> in all respects.

    F.    <u>The Motion for Monetary Relief and the Application for a Warrant to Seize Property Subject to Forfeiture</u>

In light of the above, plaintiff's Motion for Monetary Relief (Docket No. 8) and her Application for a Warrant to Seize Property Subject to Forfeiture (Docket No. 9) will be <u>DENIED</u> in all respects.

III. CONCLUSION

Based on the above, it is hereby Ordered that:

1.    Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is <u>ALLOWED</u>;

2.    Plaintiff's Motion Subpoena Felony Complaint (Docket No. 3) is <u>DENIED</u>;

---

[7] Moreover, section 547 of title 28 states, in relevant part, that "Except as otherwise provided by law, each United States attorney, within his district, shall – (1) prosecute for all offenses against the United States." 28 U.S.C. § 547 (1). Thus, Coates does not have standing to bring a criminal action in federal court because no statute authorizes her to do so. *Kennan v. McGrath*, 328 F.2d 610, 611 (1st Cir. 1964) (*per curiam*); *accord Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) *(per curiam)*(stating that only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242); *Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999)(stating that individual citizens have no private right of action to institute federal criminal prosecutions); 28 U.S.C. § 516 (conduct of litigation in which the United States is a party is reserved to officers of the Department of Justice, under the direction of the Attorney General).

3.  Plaintiff's Motion for Monetary Relief (Docket No. 8) is <u>DENIED</u>;

4.  Plaintiff's Application for a Warrant to Seize Property Subject to Forfeiture (Docket No. 9) is <u>DENIED</u>; and

5.  This action is <u>DISMISSED</u> in its entirety.

SO ORDERED.

<u>/s/ Douglas P. Woodlock</u><br>
DOUGLAS P. WOODLOCK<br>
UNITED STATES DISTRICT JUDGE